7752

STATE v. PENTACOST.

PLEADINGS—BREACH OF TRUST.—AN INDICTMENT charging that defendant
held in trust and fraudulently converted the money of another,
denominating the money as "goods and chattels," is sufficient as
clearly informing the defendant of the charge he was to meet.
*State* v. *Shirer,* 20 S. C., 392, *explained.*

Before SHIPP, J., Richland, September, 1910. Reversed.

Indictment against Henry A. Pentacost for breach of
trust. From order quashing indictment, State appeals.

*Solicitor W. Hampton Cobb,* for appellant, cites: *Indict-
ment is sufficient:* 2 Bish. 'Cr. Pro. 697; 3 Green. Ev. 154; 2
Arch. Crim. P. 1141; 20 Cyc. 1268-70; 25 Cyc. 73; 2 Bish.
New Cr. Proc. 700, 737, 718; 2 Arch. Cr. P. & P. 1165.
*If insufficient defect could have been remedied by amend-
ment:* 86 S. C. 154; sec. 58 Crim. Code.

*Mr. R. H. Welch,* contra.

January 7, 1911. The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS. The Circuit Court made an order
quashing the indictment against the defendant for breach
of trust on the ground that the allegation as to the owner-
ship of the money alleged to have been held in trust and
fraudulently converted by the defendant was fatally defec-
tive, in that the money was described as "the proper goods
and chattels" of the owner. The solicitor then made a
motion to amend by striking out the words "proper goods
and chattels" and inserting instead the word "property."
This motion was refused. The State appeals, alleging error
in the quashing of the indictment and the refusal to allow
the amendment.

Speaking with verbal accuracy, money is not goods and chattels, but verbal accuracy is not necessary in an indictment. There could not be any doubt that the indictment clearly informed the defendant of the charge he was to meet; and that was sufficient under section 56 of the Criminal Code, which provides that an indictment shall be sufficient which charges the crime so plainly that the nature of the offense charged may be easily understood.

Indeed if the words "of the proper goods and chattels of the said James A. Cathcart" were stricken out, the indictment would charge that the defendant had committed a fraudulent breach of trust by converting "sixty-three dollars and thirty-five cents of James A. Cathcart." Such an allegation of ownership would be quite sufficient; for the meaning would be perfectly plain to the defendant.

The objection to the indictment would no doubt have been held too technical even before the criminal practice was modified by the statute above cited. Counsel for defendant relied on the case of *State* v. *Shirer,* 20 S. C. 392, decided before the enactment of the section above referred to. But that case holds that it is only necessary to state substantially the facts constituting the offense. The money was not described as goods and chattels in the indictment there under consideration, and the remarks of the Court on the point here under consideration were nothing more than *obiter dicta.*

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the cause be remanded to that Court for the trial of the defendant under the indictment.